UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMILE JOSEPH GEZELIN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br><br>        Defendant. | 3:09-CV-00324-LDG-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**<br><br>February 26, 2010 |

This Report and Recommendation is made to the Honorable Lloyd D. George, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for reversal of the commissioner's decision (#12). Defendant opposed and filed a cross-motion for summary judgment (#s 13, 14). For the reasons set forth below, the court recommends that defendant's cross motion for summary judgment (#14) be granted.

**I. ADMINISTRATIVE PROCEEDINGS**

On August 22, 2005, plaintiff Emile Joseph Gezelin ("plaintiff") filed an application for supplemental security income under Title XVI of the Social Security Act (AR 81).[1] Plaintiff alleges disability based on nephrotic syndrome (status post kidney transplant) and anxiety disorder (AR 21, 88). Plaintiff's claim was denied initially and on reconsideration (AR 19). On August 18, 2008, a hearing was held via video conference before Administrative Law Judge ("ALJ") Mark C. Ramsey, at which Dennis Cameron, attorney at law represented plaintiff (AR 19-29 (opinion); AR 39-61 (transcript)). The ALJ filed a written opinion on November 21, 2008, in which he upheld the denial of plaintiff's claim (AR 19-29). Plaintiff requested administrative review, and the Appeals Council

---

[1] AR indicates the relevant page in the administrative record. *See* Notice of Filing Administrative Record (#6).

denied review on April 22, 2009, making the ALJ's decision final (AR 5-8). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on June 22, 2009 (#1).

## II.  BACKGROUND

Plaintiff was born on October 30, 1980, and was twenty-seven years old at the time of the hearing (AR 28). Plaintiff has a high school education and is able to communicate in English, but plaintiff does not have past relevant employment. *Id.* Plaintiff alleges that he became disabled on August 22, 2005 (AR 19). The ALJ found the plaintiff "not disabled" because he found plaintiff retained the residual functioning capacity to perform a full range of unskilled sedentary work (AR 23). Specifically, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since August 22, 2005, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following impairments: nephrotic syndrome (status post kidney transplant) and an anxiety disorder (20 CFR 416.921 *et seq.*).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of unskilled sedentary work as defined in 20 CFR 416.967(a).

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on October 30, 1980, and was 25 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, since August 22, 2005, the date the

2

1  application was filed (20 CFR 416.920(g)).

2  (AR 19-29).

### III.  STANDARD OF REVIEW

The court must uphold the decision of an administrative law judge if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record.  *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g).  "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a mere scintilla but less than a preponderance.  *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), *citing Smolen*, 80 F.3d at 1279.  "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings.  However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted).  The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The Social Security Administration defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A claimant is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot ... engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. § 423(d)(2)(A).

Pursuant to the Social Security Act, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520.  The Administrative Law Judge considers: (1) whether the person is engaging in substantial gainful activity; (2) the severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the

1 individual is capable of doing work he or she has done in the past; and (5) whether the impairment
2 prevents the person from doing any other work. *Id.* If at any point in the five-step inquiry it is
3 determined that a claimant is or is not disabled, further review is unnecessary.

## IV.  ANALYSIS

Plaintiff argues that the ALJ committed legal error in discrediting plaintiff's testimony (#12, pp. 4-7). Defendant's position is that the ALJ made specific credibility findings that were supported by the record (#14, pp. 4-6).

**A.      ALJ's Discrediting of Plaintiff's Testimony**

The ALJ must evaluate the credibility of a claimant's testimony regarding subjective pain in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 1036. If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter*, 504 F.3d at 1036)). "These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).

"Factors that the adjudicator may consider when making such a determination include the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). "[L]ack of medical evidence . . . is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). However, "[t]he fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001), *citing Smolen*, 80 F.3d at 1285. The causal relationship between the objective evidence of medical impairment and the claimant's complaints need only be a "reasonable inference," not a

4

1  "medically proven phenomenon." *See Smolen*, 80 F.3d at 1282.

2  In this case, plaintiff satisfied the first prong of the ALJ's inquiry because the ALJ noted, "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" (AR 24). However, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* Plaintiff's residual functional capacity provided that he was able to perform a full range of unskilled sedentary work (AR 23). However, plaintiff testified he suffered from severe fatigue and frequent infections that caused him to be bedridden for weeks (AR 24).

The ALJ offered sufficiently specific reasons for discrediting plaintiff's subjective complaints. The ALJ used the lack of objective medical evidence as a factor to reveal that treatment records were not consistent with plaintiff's statements of the level of symptoms or dysfunction. In addition, plaintiff's statements were inconsistent with statements made to physicians. He not only denied any symptoms but also indicated that he was "doing really well" (AR 24-25). Plaintiff's daily activities, which included household chores, exercise, shopping and driving a car, were inconsistent with his complaints of severe fatigue. *Id.*

Although the evidence may offer a more favorable interpretation to plaintiff, the ALJ's interpretation is rational, and the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch*, 400 F.3d at 680-81. Therefore, the court finds that the ALJ did not commit legal error, and substantial evidence supports his conclusion that plaintiff is not disabled.

## V. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's discrediting of plaintiff's testimony was supported by clear and convincing reasons and recommends that plaintiff's motion for reversal (#12) be **DENIED** and defendant's cross motion for summary judgment (#14) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

1 the parties may file specific written objections to this report and recommendation within fourteen
2 days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and
3 Recommendation" and should be accompanied by points and authorities for consideration by the
4 District Court.
5      2. This report and recommendation is not an appealable order and any notice of appeal
6 pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for reversal (#12) be **DENIED** and defendant's cross-motion for summary judgment (#14) be **GRANTED**.

DATED: February 26, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**