# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EMILE JOSEPH GEZELIN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

Case No. 3:09-cv-00324-LDG-VPC

**ORDER**

    Plaintiff Emile Joseph Gezelin filed a complaint for judicial review on June 22, 2009. On October 2, 2009, plaintiff filed a motion for reversal of the decision of the Commissioner of the Social Security Administration to deny plaintiff's claim for disability benefits. Defendant opposed and filed a cross-motion for summary judgment. The action was referred to Magistrate Judge Valerie P. Cooke pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4, who issued a Report and Recommendation recommending that defendant's cross motion for summary judgment be granted. For the reasons set forth below, this court will adopt the Report and Recommendation of Magistrate Judge Cooke and grant the defendant's cross-motion for summary judgment.

## STANDARD OF REVIEW

The court must independently determine whether the administrative law judge's ("ALJ") decision is free of legal error and is supported by substantial evidence. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if

the evidence is capable of more than one rational interpration, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995)(citations omitted). "However, [the court] may not affirm simply by isolating a specific quantum of supporting evidence." *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir. 1989). The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

## ANALYSIS

Plaintiff contends that the ALJ committed legal error in discrediting plaintiff's testimony. Defendant's position is that the ALJ made specific credibility findings that were supported by the record.

The ALJ must evaluate the credibility of the claimant's testimony regarding subjective pain in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 1036. If the claimant meets the first test and there is not evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)(quoting *Lingenfelter*, 504 F.3d at 1036)). "These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissable grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)(en banc).

"Factors that the adjudicator may consider when making such a determination include the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir.

1995). "[L]ack of medical evidence ... is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). However, "[t]he fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001), (citing *Smolen*, 80 F.3d at 1285). The causal relationship between the objective evidence of medical impairment and the claimant's complaints need only be a "reasonable inference," not a "medically proven phenomenon." *See Smolen*, 80 F.3d at 1282.

In this case, plaintiff satisfied the first prong of the ALJ's inquiry because the ALJ noted, "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" (AR 24). However, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functioning capacity assessment." *Id*. Plaintiff's residual functioning capacity provided that he was able to perform a full range of unskilled sedentary work (AR 23). However, plaintiff testified he suffered from severe fatigue and frequent infections that caused him to be bedridden for weeks (AR 24).

As the magistrate judge concluded, the ALJ offered sufficiently specific reasons for discrediting plaintiff's subjective complaints. The ALJ used the lack of objective medical evidence as a factor to demonstrate that the treatment records were not consistent with plaintiff's statements of the level of symptoms or dysfunction. In addition, plaintiff's statements were inconsistent with statements made to physicians. He not only denied any symptoms but also indicated that he was "doing really well" (AR 24-25). Plaintiff's daily activities, which included household chores, exercise, shopping and driving a car, were inconsistent with his complaints of severe fatigue. *Id.* In addition, plaintiff received no treatment for his anxiety (AR 22). Lack of treatment is a factor that is properly considered by the ALJ when discrediting plaintiff's testimony.

3

The ALJ's interpretation is rational, and the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch*, 400 F.3d at 680-81. Therefore, the court agrees with the magistrate judge that the ALJ did not commit legal error, and substantial evidence supports the conclusion that the plaintiff is not disabled.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the Report and Recommendation of Magistrate Judge Cooke (#15). THE COURT **ORDERS** that plaintiff's motion for reversal (#12) is DENIED and that defendant's cross-motion for summary judgment (#14) is GRANTED.

DATED this 26 day of July, 2010.

_____
Lloyd D. George
United States District Judge